IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHUCK V. DENINNO,
    Plaintiff,                                              05cv1755
v.                                                            Electronically Filed

MUNICIPALITY OF PENN HILLS ET AL.,
    Defendants.

## ORDER OF COURT

Before the Court are two motions to dismiss plaintiff's amended complaint, that of defendants Municipality of Penn Hills, Howard Davidson, Dom Costa, Marla Marcinko, and Anthony Deluca, Jr. (Document No. 12), and that of defendant David S. Drew (Document No. 14), accompanied by briefs in support of dismissal. Plaintiff has filed a consolidated response and brief in opposition thereto.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*,

819 F.2d 418, 421 (3d Cir. 1987).  Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted.  If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Plaintiff, through his counsel, has voluntarily withdrawn a number of claims in his brief in opposition, namely: plaintiff's claims under the Pennsylvania Constitution (Document No. 39, at 8); plaintiff's claims under the Pennsylvania "common law" and "Right to Know Act" (Document No. 39, at 9); and plaintiff's claims for "punitive damages . . . from the Municipality of Penn Hills (Document No. 39, at 10).  Therefore the Court will **GRANT** the motions to dismiss in part, and said claims are **HEREBY DISMISSED**.

Although plaintiff also states that he is voluntarily dismissing "Plaintiff's § 1983 claims" because section 1983 "confers no substantive rights," (Document No. 39, at 9), he does not voluntarily dismiss his federal constitutional claims under the First, fourth and Fourteenth Amendments to the Constitution of the United States (Document No. 39, at 10-14).  Because section 1983 is the proper vehicle by which claims to redress  violations of federal constitutional rights are raised in federal court, the Court will not dismiss the section 1983 claims or the underlying constitutional claims. Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state

no set of facts in support of these claims and the motions to dismiss are therefore **DENIED** in part with regard to such constitutional claims, without prejudice to defendants raising the issues set forth therein in motions for summary judgment at the appropriate time following discovery.

The Court reminds counsel and the parties that strict compliance with the case management order (Document No. 22) and the pretrial order (Document No. 23) is required.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:   All counsel of record as listed below